David Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*THOMAS GENDRON*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| THOMAS GENDRON, | Civil Action No.: _____ |
| Plaintiff, | |
| v. | |
| LAS VEGAS FINANCE | **COMPLAINT** |
| Defendant. | |

For this Complaint, the Plaintiff, THOMAS GENDRON, by undersigned counsel, states as follows:

### JURISDICTION

1.      This action arises out of Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA") by negligently, knowingly, and/or willfully placing automated calls to Plaintiff's cellular phone

without consent, thereby violating the TCPA.

2.     This action also arises out of Defendant's violations of Nevada Revised Statutes Chapter 604A.010 *et seq*. ("NRS 604A"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a high-interest loan as defined under this Chapter.

3.     Plaintiff alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

4.     Defendants have through their conduct in collecting a loan governed by NRS 604A violated NRS 604A.415.

5.     Defendant LAS VEGAS FINANCE is a "licensee" as that term is defined by NRS 604A.

6.     NRS 604A.415 incorporates the Fair Debt Collection Practices Act (FDCPA), as amended, 15 U.S.C. §§ 1692a to 1692j, which applies herein "even if the licensee is not otherwise subject to the provisions of the [FDCPA]."

7.     Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 and this Court has original jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331. *Mims v. Arrow Fin. Serv., LLC*, 132 S.Ct. 740 (2012).

8.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) & (c), because Plaintiff resides within the District of Nevada, a substantial portion of

the events or omissions giving rise to the claim occurred in this District, and

Defendant regularly conducts business in this District.

## PARTIES

9.    The Plaintiff, THOMAS GENDRON ("Plaintiff" or "Mr. Gendron"),

is an adult individual residing in Nevada.

10.    Plaintiff is, and at all times mentioned herein was, a "person" as

defined by 47 U.S.C. § 153(39).

11.    Defendant LAS VEGAS FINANCE ("Defendant" or "Las Vegas

Finance"), is doing business in the State of Nevada.

12.    Defendant is and at all times mentioned herein was, a corporation and

is a "person," as defined by 47 U.S.C. § 153 (39).

13.    LAS VEGAS FINANCE at all times acted by and through one or

more of its Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

14.    Plaintiff allegedly incurred a financial obligation (the "Debt") to Las

Vegas Finance (the "Creditor" or "LVF").

15.    The Debt was a "high-interest loan" as defined by NRS 604A.0703.

16.    NRS 604A.415 provides that:

> If a customer defaults on a loan, the licensee may collect
> the debt owed to the licensee only in a professional, fair

and lawful manner. When collecting such a debt, the licensee must act in accordance with and must not violate sections 803 to 812, inclusive, of the federal Fair Debt Collection Practices Act, as amended, 15 U.S.C. §§ 1692a to 1692j, inclusive, even if the licensee is not otherwise subject to the provisions of that Act.

17.    As such, a violation of the Fair Debt Collection Practices Act (FDCPA) a though j is also a violation of NRS 604A.415.

**B. LAS VEGAS FINANCE Engages in Harassment and Abusive Tactics**

**FACTS**

18.    Struggling to meet his financial obligations, in April of 2016, Mr. Gendron applied for and received a high interest loan from Defendant.

19.    Mr. Gendron faithfully attempted to repay his loan with Las Vegas Finance at the interest rate of 140%.

20.    However, Mr. Gendron found himself struggling to pay his household bills as they became due.

21.    Eventually, Mr. Gendron defaulted on the Debt.

22.    In June of 2016, LVF began calling Plaintiff's cellular phone in order to collect payment on the Debt.

23.    LVF on occasion called Plaintiff up to six (6) times per day in its attempts to collect the Debt.

24.    On June 13, 2016, Plaintiff spoke to the manager of Las Vegas Finance, who identified himself as "Scott", to explain his circumstances and his

inability to continue to repay the Debt.

25.     During the June 13, 2016 phone call, Scott used profane language, used expletives and threats in his collection of the Debt when the Plaintiff. Specifically, LVF abusively stated "**you f\*\*\* with me and now I am going to f\*\*\* with you and you are a f\*\*\*ing idiot**".

26.     LVF (through its agent, Scott) further threatened that "**this isn't over yet**" and he (Scott) is "**coming to find**" the Plaintiff.

27.     On June 14, 2016, during a phone conversation, Plaintiff demanded that LVF again cease calling Plaintiff's cellular phone.

28.     However, Las Vegas Finance continued to call the Plaintiff numerous times a day thereafter to collect the Debt.

29.     As such, this lawsuit results.

## C. Plaintiff Suffered Actual Damages

30.     The Plaintiff has suffered and continues to suffer actual damages as a result of Las Vegas Finance's unlawful conduct.

31.     Further, Defendant's actions at all times herein were "willful."

32.     As a direct consequence of Defendant's harassing phone calls, acts, practices and conduct, the Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, frustration, rage, headaches, and has otherwise been totally annoyed by Defendant's intrusive and illegal collection efforts.  Plaintiff

has also lost the use of personal and family time while enduring these frustrations.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991

33.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

34.     The TCPA regulates, among other things, the use of automated telephone dialing systems.

35.     47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity –

> (A)     to store or produce telephone numbers to be called, using a random or sequential number generator; and

> (B)     to dial such numbers.

36.     Specifically, 47 U.S.C. § 227(1)(A)(iii) prohibits any call using an ATDS or an artificial or prerecorded voice to a cellular phone without prior express consent by the person being called, unless the call is for emergency purposes.

37.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls.  The FCC also recognized that wireless customers are charged for incoming calls.[1]

---

[1] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

38.     On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded calls to a wireless number by a creditor, or on behalf of a creditor, are permitted only if the calls are made with the "prior express consent" of the called party.[2]

39.     On July 10, 2015, the FCC issued FCC Order 15-72, wherein the FCC[3] stated that "[a] caller may not limit the manner in which revocation [of prior express consent to call] may occur" and that the "burden is on the caller to prove it obtained the necessary prior express consent".  *Id*. at ¶ 30.

40.     Further, consumers (like the Plaintiff) may revoke consent through any reasonable means.  *Id*. at ¶ 47.

41.     Nothing in the language of the TCPA or its legislative history supports the notion that Congress intended to override a consumer's common law right to revoke consent.  *Id*. at ¶ 58.

42.     Indeed, some consumers may find unwanted intrusions by phone more offensive than home mailings because they can cost them money and because, for many, their phone is with them at almost all times. *Id*. at ¶ 61.

---

[2] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, 23 FCC Rcd 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

[3] See Declaratory Ruling and Order, Adopted June 18, 2015 and Released July 10, 2015 regarding *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, WC Docket No. 07-135 (https://apps.fcc.gov/edocs_public/attachmatch/FCC-15-72A1.pdf).

43.     Consumers have a right to revoke consent, using any reasonable method including orally or in writing.  *Id*. at ¶ 64.

## ALLEGATIONS APPLICABLE TO ALL TCPA COUNTS

44.     Plaintiff incorporates all the above paragraphs.

45.     Within one year prior to filing the instant complaint, the Plaintiff received numerous calls from the Defendant from various phone numbers including but not limited to:

> 702-982-0927
>
> 702-463-3936
>
> 702-982-0737
>
> 702-982-0477
>
> 702-373-9957

46.     Upon information and belief, Defendant employs an automatic telephone dialing system ("ATDS") which meets the definition set forth in 47 U.S.C. § 227(a)(1).

47.     Defendant or its agent/s contacted Plaintiff on Plaintiff's cellular telephone number ending in "5670" via an ATDS as defined by 47 U.S.C. § 227(a)(1), as prohibited by 47 U.S.C. § 227(b)(1)(A).  Specifically, there were slight pauses before each call connected.  Moreover, the calls were made using a pre-recorded voice.

48.     No later than June 14, 2016, Plaintiff instructed Defendant or its agent(s) not to call the Plaintiff's cell phone ever again thereby revoking consent, if any ever existed, to be contacted by Defendant via an ATDS.

49.     However, Defendant continued to place calls to Plaintiff's cellular phone.

50.     Moreover, Defendant did not have prior express consent to place any automated or prerecorded calls to Plaintiff on Plaintiff's cellular telephone at any time, in particular, for collection of the Debt.

51.     However, Defendant placed calls to the Plaintiff's cellular telephone without consent using an ATDS in violation of the TCPA.

52.     Defendant's ATDS has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

53.     The telephone number that Defendant used to contact Plaintiff was and is assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

54.     Defendant's calls to Plaintiff's cellular telephone were not for "emergency purposes."

55.     Pursuant to the TCPA and the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that it had prior express consent to call Plaintiff's cellular phone with an ATDS.

56.     The Plaintiff suffered actual harm and loss, since the unwanted calls depleted the Plaintiff's cell phone's battery, and the cost of electricity to recharge the phone is a tangible harm.  While small, this cost is a real one, and the cumulative effect can be consequential, just as is true for exposure to X-rays resulting from the Defendant's unwanted phone calls to the Plaintiff's cell phone.

57.     Plaintiff also suffered from an invasion of a legally protected interest by placing calls to the Plaintiff's personal phone line when the Defendant had no right to do so, resulting in an invasion of Plaintiff's right to privacy.  The TCPA protects consumers from this precise behavior.

58.     Plaintiff has a common law right to privacy.  *E.g.*, Samuel D. Warren & Louis D. Brandeis, *The Right to Privacy*, 4 Harv. L. Rev. 1155, 193 (1890). Congress sought to further protect that right by enacting the TCPA.

59.     Plaintiff was also personally affected, since the Plaintiff felt that the Plaintiff's privacy had been invaded when the Defendant placed calls to the Plaintiff's phone line without any consent to do so.

60.     The injury suffered by Plaintiff is concrete because Defendant's violations caused Plaintiff to suffer an invasion of privacy.

## COUNT I

### Violations of the FDCPA
### (as incorporated through NRS 604A.415)

61.     The Plaintiff incorporates by reference all of the above paragraphs of

this Complaint as though fully stated herein.

62.    Any violation of 15 U.S.C. §§ 1692a through j constitutes a violation of NRS 604A.415.

63.    The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

64.    The Defendant's conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane or other abusive language in connection with the collection of a debt.

65.    The Defendant's conduct violated 15 U.S.C. § 1692d(5) in that Defendant caused Plaintiff's phone to ring repeatedly or engaged the Plaintiff in repeated conversations in connection with the collection of a debt.

66.    The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

67.    The foregoing acts and omissions of the Defendant constitutes numerous and multiple violations of the FDCPA (and therefore also constitute violations of NRS 604A.415), including every one of the above-cited provisions.

68.    The Plaintiff is entitled to damages as a result of Defendant's violations.

69.     The Plaintiff has been required to retain the undersigned as counsel to protect the Plaintiff's legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II

**Negligent Violations of the
Telephone Consumer Protection Act,
(47 U.S.C. § 227, *et seq.*)**

70.     Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

71.     Defendant negligently placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

72.     Each of the aforementioned calls by Defendant constitutes a negligent violation of the TCPA.

73.     As a result of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

74.     Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such conduct by Defendant in the future.

## COUNT III

### Knowing and/or Willful Violations of the
### Telephone Consumer Protection Act,
### (47 U.S.C. § 227, *et seq.*)

75.    Plaintiff repeats and realleges the above paragraphs of this Complaint and incorporates them herein by reference.

76.    Defendant knowingly and/or willfully placed multiple automated calls to cellular numbers belonging to Plaintiff without Plaintiff's prior express consent.

77.    Each of the aforementioned calls by Defendant constitutes a knowing and/or willful violation of the TCPA.

78.    As a result of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages up to $1,500.00 for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant awarding the Plaintiff:

1.  for consequential damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

2.  for statutory damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

3. for an award of actual damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

4. for an award of punitive damages pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

5. for an award of costs of litigation and reasonable attorney's fees pursuant to NRS 604A.930 against each and every Defendant for Plaintiff;

6. "void" the Debt, bar Defendant from collecting thereon, and compel the Defendant to turnover any principal, interest or other charges or fees collected on the Debt pursuant to NRS 604A.900(1).

7. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

8. Statutory damages of $500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B);

9. Treble damages of up to $1,500.00 for each and every call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(C);

…

…

…

10. any other legal or equitable relief that the court deems appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 14, 2017

Respectfully submitted,

By  /s/ David H. Kriger, Esq.

David H. Kriger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Avenue, Suite 350
Henderson, Nevada 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorney for Plaintiff
*THOMAS GENDRON*